**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**CASE NO. 22-cv-7296**

POWERBLOCK HOLDINGS, INC.,

      Plaintiff,                                                    **JURY TRIAL DEMANDED**

v.

TZUMI ELECTRONICS LLC,

      Defendant.

_____

**COMPLAINT**

Plaintiff PowerBlock Holdings, Inc., through its undersigned attorneys, for its Complaint against Defendant Tzumi Electronics LLC, alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action by PowerBlock Holdings, Inc. ("Plaintiff") against Defendant Tzumi Electronics LLC ("Defendant" or "Tzumi") for patent infringement under 35 U.S.C. § 271 *et. seq.*, ("the Patent Act"); trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1051 *et. seq.* ("the Lanham Act"); and trademark infringement and unfair competition under New York common law.

**THE PARTIES**

2.      Plaintiff PowerBlock Holdings, Inc. is a Minnesota corporation with a registered office at 1071 32nd Avenue NW, Owatonna, Minnesota 55060 and principal place of business at 14255 South Cross Drive West, Burnsville, Minnesota 55306.

3.      PowerBlock Holdings, Inc. and PowerBlock, Inc. (collectively "PowerBlock") share common ownership. PowerBlock, Inc. commercializes the intellectual property held by PowerBlock Holdings, Inc.

4.      PowerBlock, Inc. is a Minnesota corporation with a registered office at 1071 32nd Avenue NW, Owatonna, Minnesota 55060 and principal place of business at 14255 South Cross Drive West, Burnsville, Minnesota 55306.

5.      On information and belief, Defendant Tzumi Electronics LLC ("Defendant" or "Tzumi") is a New York corporation with its principal place of business at 16 E 34th St, New York City, New York, 10016.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over the matters asserted in this Complaint under 28 U.S.C. §§ 1331 and 1338(a) because the claims herein arise under the Patent Act, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, and under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including 15 U.S.C. § 1121. This Court has supplemental jurisdiction over Plaintiff's claims under state law under 28 U.S.C. § 1367(a). This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the State of Minnesota and a citizen of the State of New York.

7.      This Court has general and specific personal jurisdiction over Tzumi because Tzumi has its principal place of business in the State of New York and regularly transacts business in the State of New York and within this District. In addition, Tzumi's infringing acts have occurred, at least, in New York.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Tzumi resides in this District. Venue is also proper in this District under 28 U.S.C. §1400(b) because Tzumi has committed acts of infringement in this District and has a regular and established place of business in this District.

## POWERBLOCK'S BUSINESS, BRAND, AND TECHNOLOGY

9.      Since 1993, PowerBlock, has designed and sold unique weightlifting and fitness equipment, including PowerBlock's adjustable kettlebells. Examples of some of PowerBlock's adjustable kettlebells are shown below:



10.      PowerBlock has become an industry leader in designing, developing, marketing, and selling adjustable kettlebells and weightlifting and fitness equipment in the United States and around the world.

11.      Over the years, PowerBlock has spent significant time and resources researching, designing, and developing new and innovative technology and products.

12.      PowerBlock's many innovations have been recognized through the grants of multiple patents by the United States Patent and Trademark Office and other patent offices around the world. PowerBlock has also cultivated a brand, second to none in the fitness industry, which is known for making innovative, high-quality, fitness equipment. Its brands, including the POWERBLOCK mark, were awarded trademark protection by multiple countries around the world, including the United States, Canada, Europe, and China.

13.     PowerBlock takes great care to protect and carefully manage its intellectual property portfolio, including its patents, copyrights, trademarks, trade secrets, and confidential information, as they are valuable assets of the company.

### POWERBLOCK'S TRADEMARKS-IN-SUIT

14.     PowerBlock was founded in 1993 and has designed and sold unique weightlifting and fitness equipment under the mark POWERBLOCK since at least as early as 1993. PowerBlock's use of the POWERBLOCK mark has been continuous since the date of first use and the mark has not been abandoned.

15.     Since 1993, PowerBlock has established a portfolio of POWER-formative marks. For example, in addition to PowerBlock's use of the POWERBLOCK mark, used in conjunction with its weightlifting equipment, PowerBlock has used the mark POWERSTATION to refer to its weightlifting racks and weightlifting machines, and POWERBENCH to refer to its weightlifting benches. (*See, e.g.*, https://powerblock.com/product/pro-series-expandable/ (POWERBLOCK); https://www.youtube.com/watch?v=23y4a3jm8NQ (POWERSTATION); https://powerblock .com/commercial/ (POWERBENCH).) Plaintiff has used POWER-formative marks, including POWERBLOCK, in commerce at least as early as 1993.

16.     Plaintiff is the owner of U.S. Trademark Registration No. 1,848,648 for the mark POWERBLOCK, used in connection with weight training equipment in International Class 28. Said registration was registered on the Principal Register on August 9, 1994, with a first use in commerce date of July 23, 1993. This registration is incontestable. A report from the TSDR database of the USPTO for this mark is attached as Exhibit A.

17.     Plaintiff is the owner of U.S. Trademark Registration No. 6,761,327 for the mark POWERBLOCK, used in connection with shirts, pants, gloves and jackets in International Class

25, yoga matts and personal exercise matts in International Class 27, and sporting equipment in International Class 28. Said registration was registered on the Principal Register on June 14, 2022, with: a first use in commerce date for International Class 25 of November 20, 2021; a first use in commerce date for International Class 27 of March 19, 2022; and a first use in commerce date for International Class 28 of November 24, 2021. A report from the TSDR database of the USPTO for this mark is attached as Exhibit B.

18.     Plaintiff's registered POWERBLOCK marks (U.S. Trademark Registration Nos. 1,848,648 and 6,761,327) (collectively "the POWERBLOCK marks") are valid and subsisting, and they are prima facie evidence of Plaintiff's exclusive right to use the POWERBLOCK marks in commerce or in connection with the services specified in each registration. In addition, Registration No. 1,848,648 is incontestable under § 15 of the Lanham Act, 15 U.S.C. § 1065, and it is therefore conclusive evidence of the validity of the registered mark, of registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the mark in commerce under § 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

19.     The POWERBLOCK marks, and PowerBlock's portfolio of POWER-formative marks are well known in New York and around the country, and they have been so for many years.

20.     The POWERBLOCK marks and POWER-formative marks not only have been used by PowerBlock in interstate commerce, but also have been advertised and promoted by PowerBlock and its affiliates and have developed and represent valuable goodwill inuring to the benefit of PowerBlock.

21.     PowerBlock extensively advertises its products through all traditional media, including but not limited to television, print, radio, signage, and online channels. PowerBlock has a YouTube channel, a Facebook page, and a LinkedIn profile, which it uses to connect with its

existing customers and to find new customers. PowerBlock's advertising makes prominent use of the POWERBLOCK marks and POWER-formative marks.

22.     PowerBlock's use of POWER-formative marks result in the common feature of PowerBlock's POWER-formative family of marks pointing directly and immediately to PowerBlock, and serves as PowerBlock's identify and persona in the eyes of customers and potential customers, and it has done so for many years.

23.     As a result, the mark POWERBLOCK, points directly and immediately to PowerBlock, and serves as PowerBlock's identity and persona in the eyes of customers and potential customers, and it has done so for many years.

## POWERBLOCK'S PATENTS-IN-SUIT

### *PowerBlock's '592 Patent*

24.     On September 5, 2017, United States Patent No. D796,592 ("the '592 Patent") titled "KETTLEBELL" was duly and legally issued from United States Patent Application No. 29/554,313, filed on February 10, 2016. Attached hereto as <u>Exhibit C</u> is a true and correct copy of the '592 Patent. Plaintiff owns all right, title, and interest in and to the '592 Patent.

25.     The '592 Patent relates to the ornamental design for kettlebells. (*See* <u>Exhibit C</u> at 1, Claim.) Figure 1 of the '592 Patent depicts the following design:



FIG. I

(<u>Exhibit C</u> at 3, Figure 1.)

### *PowerBlock's '037 Patent*

26.     On July 31, 2018, United States Patent No. 10,035,037 ("the '037 Patent") titled "SELECTORIZED DUMBBELL HAVING KETTLEBELL STYLE HANDLE" was duly and legally issued from United States Patent Application No. 15/040,503, filed on February 10, 2016. Attached hereto as <u>Exhibit D</u> is a true and correct copy of the '037 Patent. Plaintiff owns all right, title, and interest in and to the '037 Patent.

27.     The '037 Patent relates to selectorized dumbbells with a kettlebell handle. (*See* <u>Exhibit D</u> at 1, Abstract.) For example, Claim 1 of the '037 Patent requires, *inter alia*: a dumbbell with a kettlebell style handle; stacked weights; and a connecting member to couple the weights to the handle housing. (*See* <u>Exhibit D</u>, Claim 1.)

### *PowerBlock's '270 Patent*

28.     On April 11, 2017, United States Patent No. 9,616,270 ("the '270 Patent") titled "SELECTORIZED DUMBBELL HAVING KETTLEBELL STYLE HANDLE" was duly and legally issued from United States Patent Application No. 14/157,253, filed on January 16, 2014. Attached hereto as <u>Exhibit E</u> is a true and correct copy of the '270 Patent. Plaintiff owns all right, title, and interest in and to the '270 Patent.

29.     The '270 Patent relates to selectorized dumbbells with a kettlebell handle. (*See* <u>Exhibit E</u> at 1, Abstract.) For example, Claim 1 of the '270 Patent requires, *inter alia*: a dumbbell with a kettlebell style handle; a series of generally triangularly shaped add-on weights nested inside a handle housing; and a connecting member that can be inserted through a hole in the handle housing and a bore in the add-on weights. (*See* <u>Exhibit E</u>, Claim 1.)

## DEFENDANT'S INFRINGING PRODUCTS

30.     Defendant Tzumi sells "smart home, physical health & wellness, and portable & digital accessories" products. (*See* https://tzumi.com/about/where-to-buy.) Tzumi is the owner of several brands through which it sells its products. (*See id.*)

31.     One of Tzumi's brands is FitRx. (*See* https://web.archive.org/web/20220625060724/https://tzumi.com/).

32.     Tzumi manufactures and sells a kettlebell that it refers to as the "Powerbell" (pictured below) under the brand name FitRx.



(*See* https://fitrxrecovery.com/product/5368; *see also* Exhibit F (listing Tzumi on the "Powerbell" packaging).)

33.     The operation and technical details of the "Powerbell" product are shown, for example, on FitRx's website, in its product manuals, and on third party websites.

## DEFENDANT'S TRADEMARK INFRINGMENT

34.     The product sold, offered, or to be sold and offered, by Tzumi under the "Powerbell" name is a knockoff of the product sold by PowerBlock under its POWERBLOCK marks.



| Authentic POWERBLOCK Goods | Knockoff "Powerbell" Goods |
|---|---|

35.     Plaintiff has priority in the POWERBLOCK marks. Plaintiff's U.S. Trademark Registration No. 1,848,648 provides it with conclusive evidence of its rights in the POWERBLOCK mark that is the subject of that registration. Plaintiff's U.S. Trademark Registration No. 6,761,327 provides it with prima facie evidence of its rights in the POWERBLOCK mark that is the subject of that registration.

36.     Tzumi is, and it was at the time it began infringing the POWERBLOCK marks, aware of the vast and valuable goodwill and reputation represented and symbolized by Plaintiff's POWERBLOCK marks. Tzumi also is aware that PowerBlock's customers and potential customers rely upon Plaintiff's POWERBLOCK marks as distinguishing PowerBlock's products from the products of others. As such, Tzumi adopted the "Powerbell" name in bad faith in an effort to benefit from the goodwill associated with Plaintiff's POWERBLOCK marks.

37.     Customers and others are likely to view Tzumi's products as a line extension of PowerBlock's products marketed under a confusingly similar mark. Customers and potential

customers are also likely to believe Tzumi is associated with, sponsored by, or affiliated with PowerBlock and its products marketed under its "Powerbell" name when that is not true. Tzumi's use of the "Powerbell" name creates a reasonable, but false, association with PowerBlock and Plaintiff's POWERBLOCK marks, especially considering PowerBlock's history of using POWER-formative marks in conjunction with its products.

38.    Tzumi's use of the "Powerbell" name is confusingly similar to Plaintiff's use of its POWERBLOCK marks, especially considering PowerBlock's history of using POWER-formative marks in conjunction with its products.

39.    Tzumi's products have been, are, or will be promoted, offered, and sold in the same or overlapping channels of trade to the same customers or class of customers as those served by PowerBlock.

40.    Tzumi operates in the same geographic areas now served by PowerBlock. Both Tzumi and PowerBlock provide goods to customers across the United States.

41.    Tzumi's use of the infringing "Powerbell" name has always been and continues to be without the permission, consent, or authority of PowerBlock.

42.    Tzumi's use of the "Powerbell" name and derivatives of that name is likely to diminish the goodwill associated with the POWERBLOCK marks owned by Plaintiff.

43.    Tzumi's unauthorized use of the "Powerbell" name and derivatives of that name is likely to cause confusion or mistake or to deceive customers into believing that Tzumi's unauthorized products advertised, promoted, and offered under the "Powerbell" name and derivatives of that name are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with PowerBlock or that PowerBlock's products offered under the

POWERBLOCK marks are sponsored, licensed or authorized by, or affiliated, connected, or otherwise associated with Tzumi when the same is not true.

44.     Tzumi's continued use of the "Powerbell" name, and derivatives of that name, is with full knowledge of the prior ownership by Plaintiff of its POWERBLOCK marks, of PowerBlock's rights to use and control the use of such marks, and of PowerBlock's objections to Tzumi's continued use of the "Powerbell" name.

45.     Tzumi has had actual knowledge of its infringement of the POWERBLOCK marks since at least June 27, 2022, when PowerBlock sent Tzumi a cease-and-desist letter, notifying Tzumi of its infringement of the POWERBLOCK marks. On information and belief, Tzumi has had actual knowledge of its infringement of the POWERBLOCK marks prior to June 27, 2022. Tzumi has had constructive notice of the POWERBLOCK marks as of the date that each mark was registered on the Principal Register.

46.     Tzumi has acted and continues to act without regard to PowerBlock's trademark rights and goodwill in the POWERBLOCK marks.

47.     Tzumi's unauthorized use of the "Powerbell" name and derivatives in association with its products threatens to significantly injure PowerBlock's interests. Specifically, Tzumi (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in Plaintiff's POWERBLOCK marks; (b) is likely to cause public confusion as to the source, sponsorship, or affiliation of Tzumi's products or services; (c) has damaged and threatens to further damage PowerBlock's significant and valuable goodwill in Plaintiff's POWERBLOCK marks; (d) has injured and threatens to further injure PowerBlock's right to use the POWERBLOCK marks as the exclusive indicia of origin of PowerBlock's products in the United States; and (e) has

lessened the capacity of Plaintiff's POWERBLOCK marks to serve as a unique indicator of goods sponsored by PowerBlock.

48.     Unless these infringing acts by Tzumi are restrained by this Court, they will cause irreparable injury to PowerBlock and to the public, for which there is no adequate remedy at law. If Tzumi is permitted to continue, further damage and irreparable injury will be sustained by PowerBlock, and others will be encouraged or induced to infringe upon Plaintiff's POWERBLOCK marks. Through such infringement, the value of the POWERBLOCK marks will be substantially reduced or destroyed, for which POWERBLOCK cannot be adequately compensated at law.

49.     Tzumi's acts of trademark infringement, unfair competition, and false designation of origin complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of PowerBlock's rights. In view of the egregious nature of Tzumi's actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## DEFENDANT'S PATENT INFRINGEMENT

### *Tzumi Infringes the '592 Patent*

50.     PowerBlock's '592 Patent claims a kettlebell, as depicted by the following design:



FIG. I

51.    Defendant's "Powerbell" product is pictured below:



52.    As shown in the claim chart attached as Exhibit G, the design of the "Powerbell" product is substantially the same as the design claimed in the '592 Patent when viewed by an ordinary observer.

### *Tzumi Infringes the '037 Patent*

53.    The "Powerbell" product contains, *inter alia*: a dumbbell with a kettlebell style handle; stacked weights; and a connecting member to couple the weights to the handle housing.

54.    Claim 1 of the '037 Patent requires, *inter alia*: a dumbbell with a kettlebell style handle; stacked weights; and a connecting member to couple the weights to the handle housing. The "Powerbell" product, pictured below, includes all these features:

a.    Dumbbell with a kettlebell style handle:



(*See*    https://web.archive.org/web/20220531201504/https://www.walmart.com/ip/FitRx-PowerBell-Quick-Select-Adjustable-Kettlebell-18-35-Lbs/574048504.)

b.    Stacked weights:



Stacked weights

c. Connecting member to couple the weights to the handle housing:



Connecting Member

55.    As shown in the claim chart attached as <u>Exhibit H</u>, the "Powerbell" product contains every element of at least Claim 1 of the '037 Patent.

### *Tzumi Infringes the '270 Patent*

56.    The "Powerbell" product also contains, *inter alia*: a dumbbell with a kettlebell style handle; a series of generally triangularly shaped add-on weights nested inside a handle housing; and a connecting member that can be inserted through a hole in the handle housing and a bore in the add-on weights.

57.    Claim 1 of the '270 Patent requires, *inter alia*: a dumbbell with a kettlebell style handle; a series of generally triangularly shaped add-on weights nested inside a handle housing; and a connecting member that can be inserted through a hole in the handle housing and a bore in the add-on weights. The "Powerbell" product, pictured below, includes all these features:

a.    Dumbbell with a kettlebell style handle:



b. Series of generally triangularly shaped add-on weights nested inside a handle housing:



c. Connecting member that can be inserted through a hole in the handle housing and a bore in the add-on weights:



58.     As shown in the claim chart attached <u>Exhibit I</u>, the "Powerbell" product contains every element of at least Claim 1 of the '270 Patent.

### *Tzumi's Knowledge of Its Patent Infringement*

59.     Tzumi has had actual knowledge of its infringement of the '592 Patent, the '037 Patent, and the '270 Patent (collectively, "PowerBlock's Patents") since at least June 27, 2022, when PowerBlock sent Tzumi a cease-and-desist letter, along with copies of PowerBlock's Patents, requesting that Tzumi cease its infringement of PowerBlock's Patents. (*See* <u>Exhibit J</u>.) On information and belief, Tzumi has known of the existence of PowerBlock's Patents prior to June 27, 2022.

60.     PowerBlock has complied with any applicable requirements of the patent marking statute pertaining to PowerBlock's Patents.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

61.     Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

62.     Plaintiff is the owner of U.S. Trademark Registration No. 1,848,648 and U.S. Trademark Registration No. 6,761,327 for the POWERBLOCK marks. Plaintiff's registered POWERBLOCK marks are valid and subsisting, and they are prima facie evidence of Plaintiff's exclusive right to use the POWERBLOCK marks in commerce. In addition, Registration No. 1,848,648 is incontestable under § 15 of the Lanham Act, 15 U.S.C. § 1065, and it is therefore conclusive evidence of the validity of the registered mark, of registration of the mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the mark in commerce.

63.     The acts of Tzumi complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, or approval and therefore constitute federal trademark infringement of the POWERBLOCK marks in violation of 15 U.S.C. § 1114(1). By reason of Tzumi's bad faith and willful infringement, Plaintiff is entitled to recover actual damages, treble damages, an accounting for Tzumi's profits, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION

64.     Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

65.     The acts of Tzumi complained of herein include false and misleading representations of fact in connection with Tzumi's goods that are likely to cause confusion as to

the origin, sponsorship, or approval of the goods and therefore constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff is entitled to recover actual and treble damages, attorney fees, the costs of this litigation pursuant to 15 U.S.C. § 1117, and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III

### TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

66.     Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

67.     By engaging in the foregoing acts, Tzumi has knowingly engaged in trademark infringement in violation of the common law of the State of New York.

68.     Plaintiff is entitled to recover actual and punitive damages for Tzumi's trademark infringement.

## COUNT IV

### UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

69.     Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

70.     Tzumi adopted the "Powerbell" name in bad faith in an effort to benefit from the goodwill associated with Plaintiff's POWERBLOCK marks and POWER-formative marks.

71.     By engaging in the foregoing acts, Tzumi has knowingly engaged in unfair competition in violation of the common law of the State of New York.

72.     Plaintiff is entitled to recover actual and punitive damages for Tzumi's unfair competition.

## COUNT V

### INFRINGEMENT OF UNITED STATES PATENT NO. D796,592

73.     Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

74.     Plaintiff owns all right, title, and interest in and to the '592 Patent, including the right to prosecute this action; to enforce the '592 Patent against infringement; and to collect damages for all relevant times.

75.     The '592 Patent is generally directed to a kettlebell.

76.     Tzumi has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '592 Patent by making, using, selling, offering for sale, and/or importing the "Powerbell" into the United States.

77.     As shown, for example and without limitation, in the attached claim chart, the "Powerbell" design is substantially the same as the design claimed in the '592 Patent when viewed by an ordinary observer. (*See* Exhibit G.)

78.     Tzumi has had actual knowledge of its infringement of the '592 Patent, since at least June 27, 2022, when PowerBlock sent Tzumi a cease-and-desist letter, along with a copy of the '592 Patent, requesting that Tzumi cease its infringement of Plaintiff's Patents. (*See* Exhibit J.) Since obtaining knowledge of its infringement, Tzumi has failed to cease its infringing activities.

79.     Tzumi has committed acts of infringement of the '592 Patent, despite knowledge that these actions constituted infringement of a valid patent. Its infringement of the '592 Patent has been and continues to be willful and deliberate making this case exceptional. Tzumi's willful infringement entitles Plaintiff to treble damages and costs and attorneys' fees under 35 U.S.C. § 284.

80.     PowerBlock has been damaged by Tzumi's infringement of the '592 Patent and will continue to be damaged in the future unless Tzumi is permanently enjoined from infringing the '592 Patent and from selling infringing products. Tzumi competes directly with PowerBlock, Inc., and PowerBlock has no adequate remedy at law.

81.     PowerBlock, Inc. has lost sales of its competing products due to Tzumi's infringement of the '592 Patent. Plaintiff is entitled to receive an accounting for Tzumi's profits under 35 U.S.C. § 289, or at least a reasonable royalty under 35 U.S.C. § 284, for its damages caused by Tzumi's infringement.

82.     Tzumi's infringement is willful making, at least for this reason, this case exceptional and entitles PowerBlock to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VI

### INFRINGEMENT OF UNITED STATES PATENT NO. 10,035,037

83.     Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

84.     Plaintiff owns all right, title, and interest in and to the '037 Patent, including the right to prosecute this action; to enforce the '037 Patent against infringement; and to collect damages for all relevant times.

85.     The '037 Patent is generally directed to selectorized dumbbells.

86.     Tzumi has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '037 Patent by making, using, selling, offering for sale, and/or importing the "Powerbell" into the United States.

87.     As shown, for example and without limitation, in the attached claim chart, the "Powerbell" meets every limitation of at least independent Claim 1 of the '037 Patent. (*See* Exhibit H.)

88.     On information and belief, Tzumi has known of the existence of the '037 Patent since at least June 27, 2022 when PowerBlock sent Tzumi a cease-and-desist letter, along with a copy of the '037 Patent, requesting that Tzumi cease its infringement of the '037 Patent. (*See* Exhibit J.) Since obtaining knowledge of its infringement, Tzumi has failed to cease its infringing activities.

89.     Tzumi has committed acts of infringement of the '037 Patent, despite knowledge that these actions constituted infringement of a valid patent. Its infringement of the '037 Patent has been and continues to be willful and deliberate making this case exceptional. Tzumi's willful infringement entitles Plaintiff to treble damages and attorneys' fees under 35 U.S.C. § 284.

90.     Plaintiff has been damaged by Tzumi's infringement of the '037 Patent and will continue to be damaged in the future unless Tzumi is permanently enjoined from infringing the '037 Patent and from selling infringing products. Tzumi competes directly with PowerBlock, Inc., and Plaintiff has no adequate remedy at law.

91.     PowerBlock, Inc. has lost sales of its competing products due to Tzumi's infringement of the '037 Patent. Plaintiff is entitled to receive at least a reasonable royalty under 35 U.S.C. § 284 for its damages caused by Tzumi's infringement.

92.     Tzumi's infringement is willful making, at least for this reason, this case exceptional and entitles Plaintiff to attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT VII

### INFRINGEMENT OF UNITED STATES PATENT NO. 9,616,270

93.     Plaintiff repeats and realleges the allegations in each of the foregoing paragraphs as if fully set forth herein.

94.     Plaintiff owns all right, title, and interest in and to the '270 Patent, including the right to prosecute this action; to enforce the '270 Patent against infringement; and to collect damages for all relevant times.

95.     The '270 Patent is generally directed to selectorized dumbbells.

96.     Tzumi has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '270 Patent by making, using, selling, offering for sale, and/or importing the "Powerbell" into the United States.

97.     As shown, for example and without limitation, in the attached claim chart, the "Powerbell" meets every limitation of at least independent Claim 1 of the '270 Patent. (*See* Exhibit I.)

98.     On information and belief, Tzumi has known of the existence of the '270 Patent since at least June 27, 2022 when PowerBlock sent Tzumi a cease-and-desist letter, along with a copy of the '270 Patent, requesting that Tzumi cease its infringement of the '270 Patent. (*See* Exhibit J.) Since obtaining knowledge of its infringement, Tzumi has failed to cease its infringing activities.

99.     Tzumi has committed acts of infringement of the '270 Patent, despite knowledge that these actions constituted infringement of a valid patent. Its infringement of the '270 Patent has been and continues to be willful and deliberate making this case exceptional. Tzumi's willful infringement entitles Plaintiff to treble damages and attorneys' fees under 35 U.S.C. § 284.

100.    Plaintiff has been damaged by Tzumi's infringement of the '270 Patent and will continue to be damaged in the future unless Tzumi is permanently enjoined from infringing the '270 Patent and from selling infringing products. Tzumi competes directly with PowerBlock, Inc., and Plaintiff has no adequate remedy at law.

101.    PowerBlock, Inc. has lost sales of its competing products due to Tzumi's infringement of the '270 Patent. Plaintiff is entitled to receive at least a reasonable royalty under 35 U.S.C. § 284 for its damages caused by Tzumi's infringement.

102.    Tzumi's infringement is willful making, at least for this reason, this case exceptional and entitles Plaintiff to attorneys' fees and costs under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on the trademark infringement and patent infringement claims set forth above and respectfully requests the Court grant the following relief:

a.      A judgment that Defendant has infringed United States Trademark Registration Nos. 1,848,648 and/or 6,761,327 and/or PowerBlock's common law rights in the POWERBLOCK marks;

b.      A judgment that Defendant has directly infringed and/or indirectly infringed at least one claim of United States Patent Nos. D796,592, 10,035,037 and/or 9,616,270;

c.      A judgment that Defendant has competed unfairly with PowerBlock in bad faith.

d.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, directly or indirectly, be preliminarily and then

permanently enjoined from using the "Powerbell" name, and any other name that is confusingly similar to or derived from the "Powerbell" name;

e.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, directly or indirectly, be preliminarily and then permanently enjoined from making, using, importing, selling, and/or offering for sale any product that infringes, directly or indirectly, United States Patent Nos. D796,592, 10,035,037 and/or 9,616,270;

f.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to modify all marketing materials, internet and social media content, products, packaging, and promotional material to eliminate the "Powerbell" name, and any other name that is confusingly similar to or derived from the "Powerbell" name;

g.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to deliver to the Court for destruction, or show proof of destruction of, any and all labels, prints, packages, wrappers, receptacles, and advertisements, and any other materials in Defendant's possession or control that use the "Powerbell" name, and any other mark that is confusingly similar to or derived from the "Powerbell" name;

h.      Defendant, its officers, agents, servants, employees, attorneys, and all those persons in active concert or participation with any of them, be required to take all reasonably available steps to remove the "Powerbell" name, and any other mark that is confusingly similar to or derived from the "Powerbell" name, as a designator of Defendant's products from any listing in any

business directory, yellow pages, internet directory, Facebook page, Instagram account, social media of any and all kinds, and any other listing or promotion service;

       i.     Defendant be ordered to file with this Court and to serve upon Plaintiff within 30 days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

       j.     A judgment and order requiring Defendant to pay damages to Plaintiff for all damages it sustains as a result of Defendant's trademark infringement, unfair competition, and false designation of origin, and those said damages be trebled, with interest;

       k.     A judgment and order requiring Defendant to pay damages to Plaintiff as a result of its patent infringement under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

       l.     An accounting be directed to determine Defendant's profits resulting from Defendant's activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case under 15 U.S.C. § 1117 and/or 35 U.S.C. § 289;

       m.     Defendant and all others acting in concert with it be directed to pay punitive damages to deter Defendant and all others similarly situated from like unlawful conduct in the future due to Defendant's unfair competition;

       n.     A finding that this case is exceptional and a judgment and order directing Defendant to pay the costs of this action (including all disbursements) and attorney fees as provided by 15 U.S.C. § 1117 and/or 35 U.S.C. § 285, with interest; and

       o.     That Plaintiff recover such other and further relief as the Court may deem just and proper.

Dated: August 26, 2022                    Respectfully submitted,

                                          /s/ Peter A. Gergely
                                          Peter A. Gergely (NY Bar # 5671458)
                                          MERCHANT & GOULD P.C.
                                          500 Fifth Avenue, Suite 4100
                                          New York, NY 10110
                                          Telephone: (212) 223-6520
                                          E-mail: pgergely@merchantgould.com

                                          Thomas J. Leach*
                                          Michael A. Erbele*
                                          Taylor R. Stemler*
                                          MERCHANT & GOULD P.C.
                                          150 South Fifth Street, Suite 2200
                                          Minneapolis, MN 55402
                                          Telephone: (612) 332-5300
                                          E-mail: tleach@merchantgould.com
                                          E-mail: merbele@merchantgould.com
                                          E-mail: tstemler@merchantgould.com

                                          ***Attorneys for Plaintiff PowerBlock Holdings,
                                          Inc.***

                                          *\* To be admitted pro hac vice*